UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>              Plaintiff,       )<br>        v.                       )<br>                                 )<br>JUAN M. VARGAS,                  )<br>  a/k/a "JUANITO," et al.,       )<br>              Defendants.       ) | Criminal No. 05-40020-FDS |

**<u>FINAL ORDER OF FORFEITURE</u>**

**SAYLOR, D.J.**

WHEREAS, on April 14, 2005, a grand jury sitting in the District of Massachusetts returned a Three-Count Indictment, charging Juan M. Vargas, a/k/a "Juanito" ("the Defendant"), and others, with Conspiracy to Possess With Intent to Distribute and Distribute Marijuana and Cocaine, in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(A)(vii), and 21 U.S.C. §841(b)(1))A)(ii) (Count One);[1]

WHEREAS, the Indictment also contained a forfeiture allegation, which sought the forfeiture, pursuant to 21 U.S.C. §853, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the charged offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, the following:

---

[1] Juan M. Vargas was not named in the remaining Counts of the Indictment.

1

      a.    Money Judgment: a sum of money, not less than $500,000 in United States currency, representing the amount of proceeds obtained as a result of the above-listed offenses, for which the defendant is jointly and severally liable; and

      b.    real property, being all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 615 Willard Street, Leominster, Massachusetts 01452-5942, with a deed in the name of Juan M. Vargas recorded with the North Middlesex Registry of Deeds, Book 5476, Page 183 ("615 Willard Street");

WHEREAS, on May 4, 2005, the United States filed a Bill of Particulars for Forfeiture of Assets, specifically naming additional assets as forfeitable to the United States based on the Forfeiture Allegation of the Indictment, including:

      c.    one 1999 Chevrolet Tahoe Truck, vehicle identification number 1GNEK13RXXJ404855, seized from Juan Manual Vargas-Barjas and Octaviano Vargas-Barajas on March 13, 2005, at Pleasant Street, Leominster, MA, and registered in the name of Juan M. Vargas (the "1999 Chevrolet Tahoe");

WHEREAS, The Defendant entered into a written plea agreement with the United States, and pursuant to a Rule 11 Hearing on March 17, 2006, the Defendant pleaded guilty to Count One of the Indictment. In the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. §853. Such assets specifically included, without limitation, the following property:

      a.    the 615 Willard Street property;

      b.    the 1999 Chevrolet Tahoe; and

(collectively the "Defendant Property");

WHEREAS, on May 5, 2006, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interest in the Defendant Property, and this Court ordered the Defendant to forfeit the Defendant Property to the United States;

WHEREAS, on May 30, 2006, June 6, 2006, and June 13, 2006, a Notice of Preliminary Order of Forfeiture was published in the <u>Boston Herald</u> Newspaper pursuant to 21 U.S.C. §853(n);

WHEREAS, pursuant to a signed Expedited Settlement Agreement between the United States and CITI, the United States recognized CITI as an existing mortgage holder of the 615 Willard Street property;

WHEREAS, pursuant to a signed Expedited Settlement Agreement between the United States and HAPO, the United States recognized HAPO as an existing lienholder of the 1999 Chevrolet Tahoe;

WHEREAS, on June 27, 2006, a sentencing hearing was held at the United States District Court in Worcester, Massachusetts, at which this Court sentenced the Defendant to 62 months' incarceration, and 48 months of supervised release. Furthermore, this Court ordered the Defendant to forfeit the Defendant Property to the United States;

3

WHEREAS, on June 30, 2006, a Judgment was filed with the Court, in which forfeiture of the Defendant Property was ordered and made final and incorporated as part of this judgment;

WHEREAS, to date, no claims of interest in the Defendant Property have been filed with the Court and the time within which to do so has expired;

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for Final order of Forfeiture is allowed.

2. The Defendant Property is hereby forfeited to the United States of America in accordance with 21 U.S.C. §853, and Rule 32.2 of the Federal Rules of Criminal Procedure. The United States shall have clear title to the Defendant Property.[2]

3. Any parties having any right, title, or interest in the Defendant Property are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Defendant Property in accordance with applicable

---

[2] The United States has documentation indicating CITI is the holder of a mortgage on 615 Willard Street. CITI has filed a claim of interest in 615 Willard Street, and the United States is prepared to recognize that CITI has a valid outstanding lien on 615 Willard Street, including mortgage interest and/or accrued taxes, out of any sale proceeds.

Similarly, the United States has entered into an expedited settlement agreement with HAPO regarding the 1999 Chevrolet Tahoe. The United States has documentation indicating HAPO is the holder of a lien on the 1999 Chevrolet Tahoe. The United States is prepared to recognize that HAPO has a valid outstanding lien on the 1999 Chevrolet Tahoe.

4

law.

5.   Should any of the Defendant Property not be available for forfeiture, the United States is entitled to forfeit substitute assets of the Defendant in a value up to the amount of the Defendant Property not available for forfeiture.

6.   This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Worcester, Massachusetts, this 8th day of September, 2006.

_____
F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE

Date: September 8, 2006